# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEEASTERN DIVISION

| | |
|---|---|
| **JAMES RIVER INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **CIVIL ACTION NO.**<br>) **5:16-CV-00949-AKK** |
| **ULTRATEC SPECIAL EFFECTS, INC., et al.,** | )<br>)<br>) |
| Defendants. | )<br>) |
| ---------------------------------------------------------- | |
| **ULTRATEC SPECIAL EFFECTS, INC.** | )<br>)<br>) |
| Counterclaim Plaintiff, | )<br>) |
| v. | ) **JURY TRIAL DEMANDED** |
| **JAMES RIVER INSURANCE COMPANY,** | )<br>)<br>)<br>) |
| Counterclaim Defendant. | ) |

## AMENDED COUNTERCLAIM
## BY ULTRATEC SPECIAL EFFECTS, INC.

COMES NOW Defendant/Counterclaim Plaintiff Ultratec Special Effects, Inc. ("Ultratec"), in the above-styled case and makes the following Amended Counterclaim against James River Insurance Company ("James River"):

**Answer and Counterclaim Not Intended To Waive Immunity Under the Alabama Workers' Compensation Act**

At the outset, it should be noted that a significant issue to be resolved in the Underlying Lawsuits (as defined below) is whether Ultratec, the corporate parent of Ultratec Special Effects (HSV) ("Ultratec HSV"), is immune from suit. Resolution of that question turns on whether Ultratec is deemed to be the plaintiffs' employer under the Alabama Workers' Compensation Act (the "Act"). Ultratec has used its best effort to avoid the use of any language that could bear on that disputed issue. For the avoidance of doubt, however, Ultratec claims that it enjoys the benefit of the exclusivity provision of the Act and that it is immune from the claims asserted in the Underlying Lawsuits. Nothing in this Amended Counterclaim should be construed or interpreted to limit or waive Ultratec's assertion of immunity in the Underlying Lawsuits.

## FACTS

**James Rivers' Duty to Defend Under the Ultratec Policy, And the Inapplicability of the Employer's Liability Exclusion Endorsement**

1.   In its Complaint, James River seeks a declaration that it has no obligation to defend and indemnify Ultratec and certain other insureds against three lawsuits pending in Madison County, Circuit Court (hereinafter the "Underlying Lawsuits") under the commercial liability insurance policy bearing

Policy No. 0047324-3 issued to Ultratec (hereinafter, the "Ultratec Policy" or the "2014-2015 Policy").

2. As it relates to Ultratec, James River's coverage position is based entirely on the applicability of an Employer's Liability – Exclusion Endorsement (the "Employer's Liability Exclusion Endorsement") that was erroneously attached to the 2014-2015 Policy and which purports to exclude coverage for bodily injury of an employee of "any insured" arising out of that employee's employment. Specifically, James River asserts that the Employer's Liability Exclusion Endorsement excludes coverage for all insureds because the underlying plaintiffs were or were alleged to be employees of "any insured"— Ultratec HSV.

3. In its Complaint and reservation of rights letters, however, James River fails to disclose that the Ultratec Policy contains a broad separation of insureds provision that requires that coverage be viewed <u>separately</u> for each insured seeking coverage and as if each named insured were the <u>only</u> named insured:

> **14. Separation of Insureds**
> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in Policy to the "first named insured", this insurance applies:
> a. As if each Named Insured were the only Named Insured; and
> b. Separately to each "insured" against whom "claim" is made or "suit" is brought.

4. The Eleventh Circuit of Appeals has recently read a nearly identical separation of insured provision in conjunction with a nearly identical employer's

liability exclusion to find coverage in the scenario presented in this case. That is, reading the employer's liability exclusion as applying separately to each insured as one must under the separation of insureds provision, the Eleventh Circuit Court of Appeals found that the exclusion applied only where the insured seeking coverage—here Ultratec—is alleged to have employed the injured plaintiff:

> [The] CGL policy contains an exclusion for bodily injury to "an employee of any insured," meaning that coverage is excluded only "for the separate insurable interest of that insured" who is the employer of the individual who suffered the injury. Essentially, the exclusion's use of the term "any insured" when read in conjunction with the severability clause creates a class of insureds who are excluded from coverage, i.e., employers of the injured claimant. Accordingly, as to other insureds who are not in the class of excludable insureds, but against whom a claim could be asserted, i.e., non-employers of the injured claimant, coverage is not precluded.

*Evanston Ins. Co. v. Design Build Interamerican, Inc.*, 569 F. App'x 739, 743-44 (11th Cir. 2014).

5. This reading is entirely consistent with the expectations of the parties as to a basic assumption of the contract that claims asserted against insureds that were allegedly not subject to the exclusive-remedy provisions of the Act and/or not covered under the employer's liability policy (which was also written in part by James River) would be covered under the Ultratec Policy. That is, liability claims against insureds in their capacity as an employer would be subject to the exclusive-remedy provisions of the Act and/or covered under the employer's liability policy

and liability claims against insureds allegedly in some other capacity would be covered under the Ultratec Policy. James River's reading would create a gap in coverage that was never intended or contemplated by the parties.[1]

**The Employers Liability Exclusion Endorsement Was Mistakenly Included on the Ultratec Policy**

6. Although Ultratec specifically denies that the Employer's Liability Exclusion Endorsement excludes coverage for the underlying lawsuits as stated above, the Employer's Liability Exclusion was in any event mistakenly included in the 2014-2015 Policy.

7. James River has continuously provided commercial liability insurance to Ultratec HSV and other related entities, including its parent, Ultratec, from 2011 to present.

8. The James River commercial liability policies name a number of additional insureds which were added pursuant to various contracts between Ultratec, Ultratec HSV and other insured entities, and insurance certificates were provided to these insured entities.

---

[1] Employers liability exclusions in commercial general liability policies are intended to preclude coverage for an insured for bodily injury to an insured's employee because state workers compensation statutes require employers to carry workers compensation insurance while shielding employers from tort liability for their employees' injuries, thereby rendering commercial general liability coverage for such claims unnecessary. In this regard, commercial general liability policies, worker's compensation/employer's liability policies, and state workers compensation statutes are intended to work together and to not create coverage gaps for claims by employees of an insured.

9. James River insured Ultratec and the other insureds for a number of policy years before the Employers' Liability Exclusion Endorsement suddenly appeared.

10. In addition to the commercial liability insurance coverage, James River also provided excess employer's liability/worker's compensation coverage to Ultratec HSV during this same general time period from 2012 to present.

11. Based on this and other information, James River knew or suspected that insured entities other than Ultratec HSV, such as Ultratec, could be sued in connection with operations at the plant in question by Ultratec HSV employees.

12. James River also knew or suspected that Ultratec and Ultratec HSV expected that liability claims against insureds in their capacity as an employer would be subject to the exclusive-remedy provisions of the Act and/or covered under the employer's liability policy and that liability claims against insureds allegedly in some other capacity would be covered under the Ultratec Policy.

13. Both Ultratec and James River intended at all times that Ultratec would have commercial general liability coverage for claims such as those brought in the Underlying Lawsuits. This is why the commercial liability policies issued to the various Ultratec entities all have separation of insureds provisions that require coverage to be viewed separately for each insured seeking coverage.

14. The Employer's Liability Exclusion Endorsement is not contained in the policies issued the various Ultratec entities during the 2011-2013 policy years or the 2015-2017 policy years.

15. Significantly, the Employer's Liability Exclusion Endorsement was not on the original policy that was issued in 2011, nor was it on the renewal of that policy that was issued in 2012. This is because the Employer's Liability Exclusion Endorsement, as now applied by James River, would be totally inappropriate for policies insuring multiple insureds as the James River policies here. Although the Employer's Liability Exclusion Endorsement was suddenly and erroneously added out of the blue to the 2013 and 2014 James River policies, the endorsement was removed from the 2015 or 2016 James River policies and is not on the James River policy currently in effect.

16. Despite repeated requests, James River and its agents have provided no explanation as to why the Employer's Liability Exclusion Endorsement was suddenly added without notice mid-stream in Ultratec's successive line of coverage or why the endorsement appears at random in only two of the policy years.

17. There was no discussion or other communication regarding the purported addition of the Employer's Liability Exclusion Endorsement to the policies issued in 2013 and 2014. There similarly was no indication of any

intention by James River to modify coverage for Ultratec to exclude the category(ies) of claims purportedly excluded by the Employer's Liability Exclusion Endorsement or to shift coverage to another line of coverage. There also was no premium reduction or any other discount applied in connection with the addition of this Employer's Liability Exclusion Endorsement in 2013 and 2014, which according to James River's overly broad (and incorrect) interpretation in this action, would gut all liability coverage for claims by any one insured's employee against all other insured entities, which was never intended or contemplated.

**COUNT ONE – DECLARATORY JUDGMENT ON DUTY TO DEFEND**

18.  Ultratec adopts and incorporates its averments above as if set forth herein in full.

19.  The Underlying Lawsuits allege bodily injury caused by an occurrence, and bodily injury is alleged to have occurred during the James River coverage period.

20.  All conditions precedent to coverage have been satisfied, and neither the Employer's Liability Exclusion Endorsement, nor any other exclusion, applies.

21.  James River therefore is obligated to defend Ultratec against the Underlying Lawsuits.

## COUNT TWO – REFORMATION OF POLICY

22. Ultratec adopts and incorporates its averments above as if set forth herein in full.

23. Through a mutual mistake of the parties, or alternatively, a mistake of one party, which the other at the time knew or suspected, the 2014-2015 Policy does not express the true intention of the parties given the inclusion of the Employer's Liability Exclusion Endorsement.

24. Ultratec therefore requests that the 2014-2015 Policy be reformed to remove the Employer's Liability Exclusion Endorsement.

25. This reformation can be done without prejudice to the rights of any third-parties.

**WHEREFORE,** Ultratec Special Effects, Inc. prays this Honorable Court for a judgment:

A. Declaring that James River is obligated to defend Ultratec against the Underlying Lawsuits;

B. Reforming the Ultratec Policy to remove the Employer's Liability Exclusion Endorsement;

C. Awarding Ultratec all costs incurred in this action; and

D. Granting Ultratec such other and further relief to which it is entitled.

<strong><em><u>Ultratec demands a trial by jury</u></em></strong>

Respectfully submitted by,

*/s/ Joshua B. Baker*
W. Brad English (ASB-5240-A43E)
Joshua B. Baker (ASB-5105-S72B)

*Attorneys for Defendant/Counterclaim Plaintiff Ultratec Special Effects, Inc.*

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999


655 Gallatin Street
Huntsville, Alabama 35801
Telephone: 256.551.0171
Fax: 256.512.0119

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2016, I served a copy of the foregoing on all parties and/or counsel of record by using the CM/ECF system and/or U.S. Mail, postage prepaid and properly addressed, as follows:

C. Peter Bolvig, III
HALL CONERLY & BOLVIG PC
505 North 20th Street Suite 1400
Birmingham, Alabama  35203
Bolviglaw@aol.com

Brandon J. Clapp
WHITAKER MUDD LUKE & WELLS, LLC
2011 4th Avenue North
Birmingham, Alabama 35203
Bclapp@wmslawfirm.com

*Attorneys for Plaintiff/Counterclaim Defendant, James River Insurance Company*

Edward E. Wilson, Jr.
TATUM WILSON, P.C.
301 Randolph Avenue Se
Huntsville, Alabama 35801-4119
Wilson@tatumwilson.com

*Attorney for Defendant, MST Properties, LLC*

Marcus J.E. Helstowski
MCDANIEL & MCDANIEL, LLC
223 East Side Square
Huntsville, Alabama  35801
Mhelstowski@yahoo.com

*Attorney for Defendant, Donald Ray Sanderson*

Mark A. Jackson
Mark A. Jackson P.C.
525 Madison Street, Suite 202
Huntsville, Alabama 35801
Jackoesq@aol.com

*Attorney for Defendant, Coleen Mckenna Whorton*

David H. Marsh
Jeffrey C. Rickard
Roger L. Lucas
Richard J. Riley
MARSH RICKARD & BRYAN, P.C.
800 Shades Creek Parkway Suite 600-D
Birmingham, Alabama 35209
Gross@mrblaw.com
Jrickard@mrblaw.com
Rlucas@mrblaw.com
Rriley@mrblaw.com

*Attorneys for Defendant, David J. Cothran*

James H. Richardson
RICHARDSON MAPLES, P.C.
4205 Balmoral Drive, Suite 101
P.O. Box 18667
Huntsville, Alabama 35804-8667
Jim@richardsonmaples.com

*Attorney for Defendant, Robert Holland*

John Anthony
94 Rothenburg Lane
Arab, Alabama 35016

                                              */s/ Joshua B. Baker*
                                              **OF COUNSEL**