UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES RIVER INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff/Counterclaim Defendant, | )<br>) |
| vs. | )<br>) |
| **ULTRATEC SPECIAL EFFECTS, INC., et al.,** | )<br>)<br>) |
| Defendants | ) Civil Action Number<br>) **5:16-cv-00949-AKK**<br>) |
| **ULTRATEC SPECIAL EFFECTS, INC.,** | )<br>)<br>) |
| Third-Party Plaintiff | )<br>) |
| v. | )<br>) |
| **BRITTON-GALLAGHER & ASSOCIATES, INC. AND FOUNTAIN PARKER, HARBARGER AND ASSOCIATES, LLC.** | )<br>)<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | |

**MEMORANDUM OPINION AND ORDER**

James River Insurance Company, Inc. filed this declaratory judgment action

pursuant to 28 U.S.C. § 2201 against various defendants,[1] seeking to establish that

---

[1] Specifically, James River has named Ultratec Special Effects, Inc., MST Properties, LLC, Robert Holland, Randy Moore, Mike Thouin, John Anthony, David J. Cothran, as Administrator

1

no coverage exists for employees of Ultratec Special Effects based on an Employer's Liability Exclusion and that it has no obligation to defend or indemnify any Ultratec employees in three underlying state court actions. Doc. 1 at 11–12. In response to James River's lawsuit, Ultratec filed a Third-Party Complaint, alleging various torts arising out of the procurement of the insurance policies in question. *See generally* doc. 76. One of the third-party defendants, Fountain Parker Harbarger and Associates, LLC, has filed a motion to dismiss on abstention grounds based on a parallel litigation contention or, in the alternative, to stay this action pending the disposition of the underlying state lawsuits. *See* doc. 87. For the following reasons, Fountain Parker's motion to dismiss is due to be denied.

## I. ANALYSIS

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). As such, the decision to hear a declaratory judgment action is committed to the discretion of the district court. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Angora Enterprises, Inc. v. Condominium Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986). Moreover, where there

---

for the Estate of Aimee Cothran, Donald Ray Sanderson, as Administrator for the Estate of Virginia Marie Sanderson, and Coleen McKenna Whorton. Doc. 1.

is a parallel state proceeding, an alternative form of relief, or other adequate remedy, "a court, in the exercise of the discretion that it always has in determining whether to give a declaratory judgment, may properly refuse declaratory relief if the alternative remedy is better or more effective." *Angora Enterprises,* 796 F.2d at 387–88.

Litigation is parallel where "substantially the same parties are contemporaneously litigating substantially the same issues in more than one forum." *Georgia v. U.S. Army Corps of Engineers*, 223 F.R.D. 691, 697 (N.D. Ga. 2004). Contrary to Fountain Parker's contention, the litigation pending before the court is not parallel to the state court litigation.[2] Based on a review of the complaints, the identity of parties and issues in the underlying state court actions are not similar enough to those in this action such that this case qualifies as parallel litigation. Among other things, James River is not a party to the three state court cases, there are no insurance coverage claims or defenses at issue in those cases based on the record before the court, and, as James River notes, it has also filed a claim for money damages, seeking reimbursement of monies it has thus far paid out in defense costs. *See, e.g.,* docs. 1-1, 1-2, 1-3, 93 at 2. As such, dismissal on

---

[2] The Eleventh Circuit has developed a list of factors to consider "to aid district courts in balancing state and federal interests" when making a "discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). The court will not analyze the *Ameritas* factors in light of its finding that this litigation is not parallel to the state actions.

abstention grounds is not warranted. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.").

Alternatively, Fountain Parker requests that the court stay this action pending the resolution of the state cases. This request is due to be granted in part. The court declines to stay the duty to defend claim because the coverage issues in this case would still remain undecided even after the completion of the state court actions. Moreover, a stay would likely render moot the duty to defend issue by depriving James River of a forum in which to litigate this claim. *See Atlantic Ca. Ins. Co. v. GMC Concrete Co., Inc.*, 2007 WL 4335499, *4 (S.D. Ala. 2007).

The stay is due to be granted, however, as to the duty to indemnify claim. *See Allstate Ins. Co. v. Employers Liability Assur. Corp.*, 445 F.2d 1278, 1279 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."). *See also Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330 (11th Cir. 1989); *Employer Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1262 (N.D. Ala. 1999). In the absence of a judgment in the underlying state actions, this claim is not yet ripe. Therefore, because the duty to indemnify is only relevant if there is a

4

state court judgment and if this court finds first that James River has a duty to defend, the court will stay the indemnification claim.

## CONCLUSION

For the foregoing reasons, Fountain Parker's motion to dismiss, doc. 87, is **DENIED** and the motion to stay is **GRANTED** solely as to the duty to indemnify claim.

**DONE** the 20th day of June, 2017.

*[signature]*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE