UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff/Counterclaim Defendant, | )<br>) |
| vs. | )<br>) |
| ULTRATEC SPECIAL EFFECTS, INC., et al., | )<br>)<br>) |
| Defendants | )<br>)  Civil Action Number<br>)  5:16-cv-00949-AKK<br>) |
| ULTRATEC SPECIAL EFFECTS, INC., | )<br>)<br>) |
| Third-Party Plaintiff | )<br>) |
| v. | )<br>) |
| BRITTON-GALLAGHER & ASSOCIATES, INC. AND FOUNTAIN PARKER, HARBARGER AND ASSOCIATES, LLC. | )<br>)<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

James River Insurance Company, Inc. filed a declaratory judgment action pursuant to 28 U.S.C. § 2201, seeking to establish that it has no coverage obligation related to an explosion at Ultratec Special Effects, Inc.'s plant in Owens,

1

Alabama, based on an Employer's Liability Exclusion. Doc. 1 at 11–12. In response to James River's lawsuit, Ultratec filed a Third-Party Complaint against Britton-Gallagher & Associates, Inc. and Fountain Parker Harbarger and Associates, LLC, alleging various torts arising out of the procurement of the insurance policies at issue. *See generally* doc. 76. Presently before this court is Britton-Gallagher's motion to dismiss some of Ultratec's claims against it. *See* doc. 85. For the following reasons, Britton-Gallagher's motion is due to be granted as to the fraud and suppression claims and denied as to the breach of contract claim.

## I.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). While notice pleading is not intended to require the plaintiff to specifically plead every element of a cause of action, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (internal citations omitted); *Seagood Trading Corp. v. Jerrico, Inc.,* 924 F.2d 1555 (11th Cir. 1991). By contrast with Rule 8(a)'s fairly liberal pleading standard, Fed. R. Civ. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." To comply with this heightened pleading standard,

a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements mislead the Plaintiff[]; and (4) what the defendants gained by the alleged fraud." *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1291 (11th Cir. 2010).

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(6) is permitted when a plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In a motion to dismiss, the factual allegations in the plaintiff's complaint are taken as true and "the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *South Florida Water Mgmt Dis. v. Montalvo*, 84 F.3d 402, 406 (1996). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible where it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal for failure to state a claim, then, is appropriate where the plaintiff fails to state a claim that is "plausible on its face." *Id*. This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.　FACTUAL BACKGROUND[1]

In 2011, Ultratec contracted with Britton-Gallagher and Fountain Parker to procure insurance for Ultratec and its subsidiary Ultratec Special Effects ("Ultratec HSV") to protect Ultratec from all liability, including claims filed by employees of Ultratec HSV and any of Ultratec's other subsidiaries. Ultratec expected Britton-Gallagher and Fountain Parker to shop the relevant insurance markets and to then inform it of all available coverage and alternatives. Ultimately, Britton-Gallagher and Fountain Parker procured commercial general liability insurance for Ultratec through James River and procured worker's compensation and employer's liability insurance through another company, with James River providing excess insurance coverage.

On February 6, 2015, an explosion at the Ultratec HSV facility resulted in two fatalities and one serious injury. This incident spawned three lawsuits against Ultratec and others in the Circuit Court of Madison County, Alabama. Ultratec submitted the defense of the lawsuits to James River under its commercial general liability policy. James River assumed Ultratec's defense under a reservation of rights and subsequently filed this declaratory judgment action seeking to establish that it owed no duty to defend or indemnify under the policy, and to recover all costs expended for defending the state lawsuits. According to James River, the

---

[1] For the purposes of Fed. R. Civ. P. 12(b)(6), the plaintiff's allegations are presumed true. As such, the facts are taken from Ultratec's Amended Third-Party Complaint, doc. 76.

Employer's Liability—Exclusion Endorsement attached to the 2014-2015 Policy excludes coverage for bodily injury sustained by employees of Ultratec.

### III. ANALYSIS

In its third-party complaint against Britton-Gallagher and Fountain Parker. Ultratec contends primarily that James River's position is "inconsistent with the insurance that [Ultratec] requested and that Britton-Gallagher and Fountain Parker promised to procure." Doc. 76 at 6. As a result, Ultratec has filed breach of contract and fraud claims against these entities. Britton-Gallagher has moved to dismiss three of the six claims Ultratec asserts against it: breach of contract (Count I), negligent misrepresentation (Count V), and fraudulent suppression (Count VI).

*A. The Breach of Contract Claim (Count I)*

To support its motion to dismiss the breach of contract claim, Britton-Gallagher contends that "the plain language of the underlying contract between Ultratec and Britton-Gallagher clearly stated that the insurance policy issued to Ultratec would contain an employer's liability exclusion endorsement." Doc. 86 at 2. This contention rests primarily on the insurance proposal, *see* doc. 69-1, which Britton-Gallagher represents as being the full scope of the contractual relationship between it and Ultratec. Based on the third-party complaint, however, Ultratec alleges that Britton-Gallagher also made oral representations that form part of the contract. Allegedly, Ultratec entered into an oral contract with Britton-Gallagher and Fountain Parker that laid out the conditions of engagement prior to receiving the

5

insurance proposal, including that the two brokers purportedly would obtain appropriate comprehensive insurance coverage for the Ultratec entities and inform Ultratec of all policy alternatives. *See* doc. 76 at 11. Britton Gallagher and Fountain Parker purportedly breached this contract by failing to "exercise reasonable skill, care and diligence in procuring insurance which would not create a catastrophic gap in coverage under the relevant policies." *Id.* at 11. Moreover, allegedly, the failure by these two agents to identify the Employer's Liability Exclusion Endorsement as a potential uninsured exposure breached these agents' contractual duty to act with reasonable skill in procuring insurance. *Id.* at 11–12.

Under Alabama law, "a contract may consist of several communications between the parties, some in writing and some oral, each constituting a link in the chain which comprises the entire contract." *Lawler Mobile Homes, Inc. v. Tarver,* 492 So. 2d 297, 304 (Ala. 1986). As a result, in addition to the insurance proposal, the court must also consider the parties' oral communications. *See id.* Therefore, because Ultratec's allegations about the purported oral communications are sufficient at this juncture to plead a breach of contract claim, *see Southern Medical Health Sys., Inc. v. Vaughn,* 669 So. 2d 98, 99 (Ala. 1995), Britton Gallagher's motion to dismiss the contract claim is due to be denied.

*B. Misrepresentation and Suppression Claims (Counts V and VI)*

Britton Gallagher challenges the fraud claims next, contending that Ultratec has failed to plead them with the particularity required by Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s "particularity" standard, a complaint should identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements mislead the plaintiff; and (4) what the Defendants gain by the alleged fraud. *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1291 (11th Cir. 2010). Here, Ultratec alleges that on three separate occasions representatives from Britton-Gallagher and Fountain Parker visited Ultratec and represented that they had procured coverage sufficient to cover Ultratec against bodily injury claims. Doc. 76 at 15, 18. However, the only conversation that Ultratec specifically references to support this contention involved David Harbarger, the representative of Fountain Parker. Doc. 76 at 15. With respect to Britton-Gallagher, Ultratec relies instead on generalized allegations that Britton-Gallagher falsely represented that the Employers Liability Exclusion Endorsement did not present a potential uninsured exposure and that it relied on these general statements or omissions by failing to procure additional insurance to cover the gap left by the Endorsement. Doc. 76 at 16–18. These general allegations lack the requisite specificity required by Fed. R. Civ. P. 9(b). *See American Dental Ass'n,* 605 F.3d at 1291 (A plaintiff

pleading fraud must identify the precise statements, documents or misrepresentations made). Accordingly, Britton-Gallagher's motion is due to be granted on these claims.

## CONCLUSION

For the foregoing reasons the motion to dismiss, doc. 85, is **GRANTED** as to the fraud claims against Britton Gallagher (Counts V and VI), and **DENIED** as to the breach of contract claim (Count I). Ultratec's fraud and suppression claims against Britton Gallagher are **DISMISSED without prejudice**. Ultratec is free to replead these claims by June 30, 2017, and Britton Gallagher, if warranted, is free to challenge these claims again. This time, however, in the event a motion to dismiss is filed, the court will assess attorneys fees against the losing party.

**DONE** the 20th day of June, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE